1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11   ALETA R. GRAHAM,                    )   NO. EDCV 06-00935-MAN
                                         )
12              Plaintiff,               )
                                         )   MEMORANDUM OPINION
13        v.                             )
                                         )   AND ORDER
14   MICHAEL J. ASTRUE,[1]               )
     Commissioner of the                 )
15   Social Security Administration,     )
                                         )
16              Defendant.               )
     _____)

17

18        Plaintiff filed a Complaint on August 23, 2006, seeking review of

19   the denial by the Social Security Commissioner ("Commissioner") of an

20   plaintiff's application for disability insurance benefits ("DIB").  On

21   September 29, 2006, the parties consented to proceed before the

22   undersigned United States Magistrate Judge pursuant to 28 U.S.C. §

23   636(c).  The parties filed a Joint Stipulation on June 6, 2007, in

24   which:  plaintiff seeks an order reversing the Commissioner's decision

25   and directing the immediate payment of benefits or, in the alternative,

26   _____

27   [1]   Michael J. Astrue became the Commissioner of the Social Security
     Administration on February 12, 2007, and is substituted in place of
28   former Commissioner Joanne B. Barnhart as the Defendant in this action.
     (See Fed. R. Civ. P. 25(d)(1); Section 205(g) of the Social Security
     Act, last sentence, 42 U.S.C. § 405(g).)

1  remanding the matter for a new administrative hearing and awarding
2  plaintiff costs and reasonable attorneys' fees; and defendant seeks an
3  order affirming the Commissioner's decision.  The Court has taken the
4  parties' Joint Stipulation under submission without oral argument.

5
6                    **SUMMARY OF ADMINISTRATIVE PROCEEDINGS**
7
8       Plaintiff claims to have been disabled since December 18, 2000.
9  (Administrative Record ("A.R.") 13-14.)  She has past relevant work
10 experience as a medical records technician (data entry clerk).  (A.R.
11 17.)
12
13      Plaintiff filed her application for DIB on June 18, 2004. (A.R.
14 17.)  The Commissioner denied plaintiff's claim initially and upon
15 reconsideration.  On January 23, 2006, plaintiff, who was represented by
16 counsel, testified at a hearing before Administrative Law Judge Lowell
17 Fortune ("ALJ").  (*Id.*)  On May 22, 2006, the ALJ denied plaintiff's
18 claim.  (A.R. 11-18.)    The Appeals Council subsequently denied
19 plaintiff's request for review of that decision. (A.R. 4-6.)
20
21                    **SUMMARY OF ADMINISTRATIVE DECISION**
22
23      The ALJ found that plaintiff has "severe" impairments consisting of
24 a spinal disorder/status post surgical removal of a tumor on the
25 thoracic spine at age four, bowel and bladder disorders (neurogenic
26 bladder), and a right hip disorder.  (A.R. 13-15.)  Although plaintiff
27 reported a history of fibromyalgia, the ALJ concluded that there was
28 insufficient evidence to determine the severity of this impairment.

2

(A.R. 13.)   In addition, although plaintiff claimed that she had uncontrollable diarrhea, the ALJ found that the medical evidence establishes this as an intermittent, medically determinable impairment that does not significantly limit plaintiff's ability to do basic work activities.   (*Id*.)   Finally, plaintiff alleged mental impairments, namely depression and anxiety, but the ALJ found that plaintiff had no more than mild periodic difficulties with depression that did not significantly limit her ability to do basic work activities.   (A.R. 14.) Based on his residual functional capacity assessment of plaintiff and the testimony of a vocational expert, the ALJ found that plaintiff was able to perform her past relevant work as a data entry clerk.   (A.R. 17.)   Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act during the time period at issue.   (A.R. 18.)

**STANDARD OF REVIEW**

     This Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence.   <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996).   The Commissioner's decision must stand if it is supported by substantial evidence and applies the appropriate legal standards.   <u>Saelee v. Chater</u>, 94 F.3d 520, 521 (9th Cir. 1996).   Substantial evidence is "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."   <u>Moncada v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995).

     Although this Court cannot substitute its discretion for that of

the Commissioner, this Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." <u>Desrosiers v. Sec'y. of Health and Human Serv.</u>, 846 F.2d 573, 576 (9th Cir. 1988); *see also* <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039-40 (9th Cir. 1995). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and free from legal error, even when the record reasonably supports more than one rational interpretation of the evidence. *Id.* at 1041; *see also* <u>Morgan v. Commiss'r. of the Soc. Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir. 1999); <u>Flaten v. Sec'y.</u>, 44 F.3d 1453, 1457 (9th Cir. 1995).

**DISCUSSION**

Plaintiff alleges the following five issues:  (1) whether the ALJ properly evaluated the opinion of plaintiff's treating physician; (2) whether the ALJ properly assessed plaintiff's credibility; (3) whether the ALJ properly considered the third party testimony of plaintiff's husband; (4) whether the ALJ properly developed the record and failed to pose a complete hypothetical question to the vocational expert; and (5) whether the ALJ failed to comply with SSR 96-7p, requiring consideration of the type, dosage, effectiveness, and side effects of plaintiff's medications.  The Court addresses these five issues below, although not in the order presented in the Joint Stipulation.

///

///

4

1  **I.    The ALJ Failed To Provide The Requisite Clear And Convincing**

2  **Reasons For Rejecting Plaintiff's Subjective Pain Testimony.**

3

4       The law is well-settled that, once a disability claimant produces

5  evidence of an underlying physical impairment that is reasonablely

6  likely to be the source of her subjective symptom(s), all subjective

7  testimony as to the severity of the symptoms must be considered. <u>Moisa</u>

8  <u>v. Barnhart</u>, 367 F.3d 882, 885 (9th Cir. 2004); <u>Bunnell v. Sullivan</u>, 947

9  F.2d 341, 345 (9th Cir. 2001)(en banc); *see also* 20 C.F.R. § §

10 404.1529(a), 416.929(a)(explaining how pain and other symptoms are

11 evaluated).  To reject a claimant's testimony regarding pain severity,

12 the ALJ must provide "specific, cogent reasons for the disbelief."

13 <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1996.)  Unless there is

14 affirmative evidence showing that the claimant is malingering, the ALJ's

15 reasons for rejecting the claimant's subjective symptom testimony must

16 be "clear and convincing." *Id.*  Further, the ALJ's credibility findings

17 must be "sufficiently specific" to allow a reviewing court to conclude

18 that the ALJ rejected the claimant's testimony on permissible grounds

19 and did not arbitrarily discredit the claimant's testimony. <u>Moisa</u>, 367

20 F.3d at 885.  If the ALJ's interpretation of the claimant's testimony is

21 reasonable and is supported by substantial evidence, it is not the

22 Court's role to "second-guess" it. <u>Rollins v. Massanari</u>, 261 F. 3d 853,

23 857 (9th Cir. 2001).

24

25       In this case, it is undisputed that plaintiff submitted objective

26 medical evidence of, *inter alia*, bowel and bladder disorders, a right

27 hip disorder, lumbar and cervical strain, and depression. (*See, e.g.,*

28 A.R. 98, 100, 104, 114, 117, 290, 295.)  But the reasons provided by the

ALJ for rejecting plaintiff's pain and symptom testimony are neither clear nor convincing.[2]  In concluding that plaintiff's statements are only "minimally credible," the ALJ notes that plaintiff's claim of disabling pain is inconsistent with her ability to perform simple daily activities.  (A.R. 16.)  Specifically, the ALJ notes that plaintiff "was independent for all self-care activities, performed a variety of daily activities, interacted with others, and engaged in purposeful activity when she was motivated to do so."  (*Id.*)  However, the ALJ fails to set forth the daily activities that plaintiff actually performed,[3] and to detail how those activities establish her ability to meet the demands and the regularized schedule of a 40-hour work week.

In relying on plaintiff's daily activities to support a conclusion that plaintiff's testimony was not credible, the ALJ erred.  The ALJ's casual reference to plaintiff's daily activities to support his credibility finding fails to demonstrate how plaintiff's ability to perform basic self-care activities and light household chores translates into the ability to engage in full-time work.  *See* Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990)(daily activities may not be relied upon to support an adverse credibility decision where those activities do not affect the claimant's ability to perform appropriate work activities on an ongoing and daily basis); Fair v. Bowen, 885 F.2d 597,

---

[2]     No evidence of malingering by the plaintiff is cited by the ALJ. Accordingly, the ALJ's reasons for rejecting plaintiff's credibility must be "clear and convincing."

[3]     The ALJ asked few direct questions at the hearing regarding the extent of plaintiff's daily activities.  Plaintiff testified that she tries to do necessary housework in the morning, because she may need to take Vicodin in the afternoon, which "make[s] [her] tired to where [she] will take a nap in the afternoon."  (A.R. 317, 327.)

602 (9th Cir. 1989)("[I]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain.").

That plaintiff can perform simple household duties and self-care tasks does not contradict her testimony that she is unable to work a full-time job because of her need to self-catheterize every hour and her uncontrollable, spontaneous diarrhea. (A.R. 308-310.) *See* Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998)(only if the level of activity were inconsistent with claimant's claimed limitations would these activities have any bearing on claimant's credibility); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987)(disability claimant need not 'vegetate in dark room' in order to be deemed eligible for benefits). It is clear that the general activities cited by the ALJ are not easily transferable to the more grueling environment of the workplace, where it might be impossible for plaintiff to use the restroom frequently. Indeed, plaintiff testified that, "before the diarrhea would hit, you know -- when, when it was watery diarrhea, then there was absolutely no control. But if it was a soft stool, I could usually make it to the restroom. But now I have begun loss of being able to control the soft stool." (A.R. 308.) Plaintiff further testified that "[f]ive years ago, [she] would probably go in the -- having severe diarrhea, the way [she'd] have to go home, it'd be twice a month. But it has increased now. There has [sic] been periods of time that [she] will have the diarrhea or the loose stool that [she] can't control for a solid week." (A.R. 309-10.)

Thus, the ALJ's rejection of plaintiff's credibility without

7

setting forth clear and convincing reasons for the rejection, other than her ability to perform simple daily activities, constitutes reversible error.   On remand, the ALJ must provide reasons, if they exist, for discrediting plaintiff's pain testimony that are "clear and convincing" in accordance with the requisite legal standards.

**II.   The ALJ Failed To Set Forth Appropriate Reasons For Disregarding The Observations Of Plaintiff's Husband Regarding Her Disabilities.**

In evaluating the credibility of a claimant's assertions of functional limitations, the ALJ must consider observations of the claimant reported by lay witnesses.  *See* <u>Regennitter v. Commissioner</u>, 166 F.3d 1294, 1298 (9th Cir. 1999).   "[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [the claimant's] condition." <u>Dodrill v. Shalala</u>, 12 F.3d 915, 918-19 (9th Cir. 1993); 20 C.F.R. § 404.1513(e)(2) ("[o]bservations by non-medical sources . . . may also help us to understand how your impairment affects your ability to work").   "[T]he ALJ can reject the testimony of lay witnesses only if he gives reasons germane to each witness whose testimony he rejects." <u>Smolen</u>, 80 F.3d at 1288; *accord* <u>Polny v. Bowen</u>, 864 F.2d 661, 664 (9th Cir. 1988); <u>Smith v. Bowen</u>, 849 F.2d 1222, 1226 (9th Cir. 1988).

The ALJ erred in this case by rejecting the statements of plaintiff's husband, Kevin R. Graham, without stating any "reasons germane" to the evaluation of his credibility. <u>Smith</u>, 849 F.2d at 1226; *see also* <u>Schneider v. Commissioner</u>, 223 F.3d 968, 974-75 (9th Cir. 2000)(ALJ erred when he failed to consider letters from plaintiff's

8

friends and ex-employers); <u>Gonzalez</u>, 914 F.2d at 1201 ("[W]e are wary of speculating about the basis of the ALJ's conclusion . . ."); <u>Lewin v. Schweiker</u>, 654 F.2d 631, 634-35 (9th Cir. 1981)(ALJ's decision should include a statement of the subordinate factual foundations on which the ALJ's ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision).

Plaintiff's husband submitted a "Function Report Adult Third Party" document on June 28, 2007, in which he describes plaintiff's disabling conditions.   In the "Function Report Adult Third Party" document, plaintiff's husband states that plaintiff, "gets dressed & cleans self, stays in bed when pain & bowels go.   Sometimes does laundry, prepares food for self, light house cleaning.   Sits outside when she feels ok. Much of the time she has to stay home & by the toilet!" (A.R. 77.)   He states that plaintiff is "unable to travel, or stay any length of time at social events.   Pain in back, bowels, bladder control." (A.R. 82.) The ALJ mentions, in passing, *some* of these statements by plaintiff's husband.

In the "Remarks" section, plaintiff's husband adds:

Her physical condition prevents some & limits all physical activities including sleeping.   When we try to go any where, we are hindered by her limitations brought on by pain & uncontrolable [sic] bowels & bladder.   This has brought on depression & she has been treated for depression.   She is unable to gain employment for the fact of these conditions. Thus no income to her.   *The problems that she has are worse as*

9

1    *time goes by & doctors have no therapy or cure other than pain*
2    *pills for pain, other conditions as explained, she wears*
3    *Depends under garments & are NOT enough to catch all.  This*
4    *problem is worse than before & getting worse.*

5

6    (A.R. 84; emphasis added.)  In his decision, the ALJ failed to mention
7    any of the above "Remarks" by plaintiff's husband.

8

9        Indeed, in rejecting the statements of plaintiff's husband, the ALJ
10   states nothing more than the "claimant's statements in the record *and*
11   *third party statements by the claimant's husband*, both dated June 28,
12   2004, indicate that the claimant was independent for all self-care
13   activities, performed a variety of daily activities, interacted with
14   others, and engaged in purposeful activity when she was motivated to do
15   so."  (A.R. 16; emphasis added.)  The ALJ's "fast pass" at the
16   statements of plaintiff's husband is far from legally sufficient.
17   Moreover, the ALJ blatantly fails to discuss the majority of the
18   statements made by plaintiff's husband, who asserts that plaintiff's
19   pain and bowel issues are not only disabling but also worsening.

20

21       The ALJ's misleading characterization of plaintiff's husband's
22   statements and failure to set forth his reasons for rejecting
23   significant observations by plaintiff's husband constitute error.  On
24   remand, the ALJ must provide proper reasons, if they exist, for
25   rejecting the statements of plaintiff's husband regarding her
26   limitations, so that a reviewing court may know the basis for the ALJ's
27   decision and have the ability to assess the propriety of that decision.

28

**III. The ALJ Failed To Develop The Record Regarding The Extent Of Plaintiff's Bowel Issues, Fibromyalgia, The Side Effects Of Plaintiff's Medications, And The Impact Of Plaintiff's Depression Upon Her Ability To Work.**

In Social Security cases, "the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." <u>Smolen</u>, 80 F.3d at 1288 (*quoting* <u>Brown v. Heckler</u>, 713 F.2d 441, 442 (9th Cir. 1983)).  This duty exists even when the claimant is represented by counsel. <u>Smolen</u>, 80 F.3d at 1288; *see also* <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir. 2001).  "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" *Id.* (citation omitted).

In the present case, the ALJ left the record open for ten days "to allow time for [plaintiff's] representative to submit medical records which would support the frequency, severity, and amount of time [plaintiff] devoted to restroom usage in an eight-hour workday." (A.R. 17.)  However, leaving the record open for a mere ten days is insufficient to discharge the ALJ's duty to fully and fairly develop the record.  It is clear from a review of the record that plaintiff treated with Dr. Tony Cho, an internal medicine physician, from 1997 through 2005. (A.R. 98, 295.)  In 1997, Dr. Cho wrote a letter to her employer at that time, stating that plaintiff "suffers from intermittent bouts of uncontrollable diarrhea related to her previous spinal tumor.  Please excuse any absences from work she may have related to this condition." (A.R. 98.)  The ALJ wholly discounted Dr. Cho's letter, citing the lack

11

of "corroborating objective evidence documentation, such as treating or progress notes, to support [Dr. Cho's] isolated statement."  (A.R. 15.)

Given his duty to develop the record, the ALJ should have contacted Dr. Cho to obtain any and all documentation, if such documentation exists, that supports the assertions in Dr. Cho's letter.  On remand, the ALJ should obtain any and all documentation from Dr. Cho which supports his opinion that plaintiff suffers from "uncontrollable diarrhea."  In addition, the ALJ should further develop the record by obtaining a residual functional capacity assessment from Dr. Cho, which includes the amount of time in an eight-hour workday that plaintiff would be limited by her "intermittent bouts of uncontrollable diarrhea" and the frequency of such bouts.

In addition to failing to develop the record regarding the extent of plaintiff's bowel issues, the ALJ failed to develop the record regarding plaintiff's alleged fibromyalgia.  Despite the fact that plaintiff reported a history of fibromyalgia, the ALJ did not question plaintiff regarding her alleged fibromyalgia at the hearing, nor did he send her for a medical consultation to determine the extent, if any, to which she suffered from this condition.  Rather, in his written decision, the ALJ simply concludes that there is "insufficient evidence" to determine the severity of plaintiff's fibromyalgia.  (A.R. 13.)  On remand, the ALJ should obtain all of plaintiff's medical records, which may address her claimed fibromyalgia, and, if then warranted, obtain a consultative evaluation to determine nature and extent of plaintiff's fibromyalgia.

12

Finally, the ALJ failed to consider properly the type, dosage, effectiveness, and side effects of plaintiff's medications as required under Social Security Regulation ("SSR") 96-7p. The ALJ has a duty to consider the possible side effects of medications taken by claimant. 20 C.F.R. § 404.1529(c)(3)(iv); *see also* <u>Cowart v. Schweiker</u>, 662 F.2d 731, 735 (11th Cir. 1981). "It is conceivable that the side effects of medication could render a claimant disabled or at least contribute to a disability." *Id.* Moreover, where a claimant's hearing testimony raises a question as to the side effects of medications, the ALJ has the special duty to elicit further testimony or otherwise make a finding regarding such side effects. *See* <u>Brown</u>, 713 F.2d at 442-43.

At the hearing, plaintiff testified that she takes Vicodin as needed for pain and Trazodone for depression. (A.R. 317.) When asked if she could work while taking Vicodin, plaintiff said, "I don't think so . . . because when I am home and I do take it, there are times that, even though it doesn't take the pain away, it does make me tired to where I will take a nap in the afternoon." (*Id.*) The ALJ failed to consider how this Vicodin side effect, as well as plaintiff's depression, may affect her ability to function properly in the work place.

On remand, the ALJ should consider the type, dosage, effectiveness, and side effects of plaintiff's medications in accordance with SSR 96-7p, and also should consider whether plaintiff's depression, even if it is not disabling in and of itself, impacts her ability to work, given her other significant medical impairments. Indeed, it is well-settled that "the ALJ must consider the combined effect of all of the claimant's

13

impairments on her ability to function, without regard to whether each alone was sufficiently severe." <u>Smolen</u>, 80 F.3d at 1290.

**IV.  Until Plaintiff's Credibility And Her Husband's Statements Have Been Properly Assessed, And The Record Has Been Fully Developed, The Court Cannot Assess The Completeness Of The Hypothetical Posed To The Vocational Expert.**

For the reasons detailed above, the ALJ erred in rejecting plaintiff's credibility and discounting her husband's statements without stating proper reasons for doing so, and he failed to develop the record fully.  If plaintiff's pain testimony and the statements of her husband are credited, then the hypothetical questions posed to the vocational expert appear to have been incomplete.[4]  It is well-settled that, "if the

---

[4]    At the hearing, the ALJ posed the following hypothetical question to the vocational expert:

> Assume that you are dealing with an individual the same age, education and work experience as the Claimant.  Further assume this person retains the residual functional capacity for a full range of light exertional work except for the following additional or different limitations:  This person is able to lift 20 pounds occasionally, 10 pounds frequently.  This person is able to stand and or walk a total of four hours in an eight-hour day . . . this person is able to sit, sit a total of six hours in an eight-hour day.  This person should be allowed the option to change positions between sitting and standing every 30 minutes for no more than 1 to 2 minutes at a time.  And this person should be allowed the accommodation of use of the restroom, in addition to normal breaks, for a total of one hour, which – with the proviso that this person would put in a total of eight hours at the workplace so that the one hour extra accommodation does not detract from the total of eight hours of work.  Under those circumstances, could this person perform any of the Claimant's past work, either as actually performed by the Claimant or as generally performed in the national economy?

(A.R. 329-30.)  In response, the vocational expert stated, "Yes.  I

14

assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." Gallant v.Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). In posing a hypothetical to a vocational expert, the ALJ must accurately reflect all of the claimant's limitations. Embrey v. Bowen, 849 F.2d 418, 422-24 (9th Cir. 1987).

As noted above, plaintiff's subjective pain complaints and her husband's statements should be reevaluated on remand, and the record as to plaintiff's medical conditions must be developed fully. Following remand and an appropriate reassessment of the combined effects of plaintiff's physical and mental impairments, as well as the symptoms caused by these impairments and the side effects of medications prescribed to treat them, the ALJ should pose a hypothetical question to the vocational expert that fully reflects the extent of plaintiff's combined impairments and realistically reflects the extent of the accommodations which can be expected in the workplace.[5]

_____

think past work is performable [sic.]. Yes." (A.R. 330.)

In posing this hypothetical, however, the ALJ failed to include the following limitations as set forth by plaintiff and her husband:  the necessity to void plaintiff's bladder every hour to an hour and a half (A.R. 308); use of restroom facilities for a total of at least one hour in an eight-hour day to self-catheterize bladder **and** for at least one hour to an hour and 15 minutes on average to deal with bowel issues (A.R. 323); inability to lift heavy weights (A.R. 314); uncontrollable diarrhea, sometimes occurring every 30 minutes (A.R. 307); the ability to go home if diarrhea starts (A.R. 324); and the inadequacy of Depends to deal with plaintiff's diarrhea (A.R. 311.)

[5]   The vocational expert recognized that the need to work an extended day, in order to meet the typical 8-hour work day requirement, may not be feasible for many jobs, such as a medical records technician in a medical office or any "office setting type job." (A.R. 333.) In fact, the vocational expert testified that she "d[idn't] think that an employer would accommodate somebody at the job site ten hours to do an

15

**V.    REMAND IS REQUIRED.**

     The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").  However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *Id.*

     Here, remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. *See, e.g.,* Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record).

                              **CONCLUSION**

     Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for

---

eight-hour -- job."  (*Id.*)

16

further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 12, 2008

                                        /s/
                              MARGARET A. NAGLE
                     UNITED STATES MAGISTRATE JUDGE

17